[Civ. No. 27160. First Dist., Div. Two. May 13, 1970.]

In re GLENN R., a Person Coming Under the Juvenile Court Law.
LOREN A. BECKLEY, as Chief Probation Officer, etc., Plaintiff and Respondent, v.
GLENN R., Defendant and Appellant.

**COUNSEL**

Kerwin, LaMar, Rockhill, Lelli & Gardella and Ramon S. Lelli for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Jerome C. Utz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SHOEMAKER, P. J.**—A petition alleging Glenn Ratcliff to be a person described in Welfare and Institutions Code, section 602, in that he was a minor and had possessed marijuana, was filed with the juvenile court. A referee held a hearing and found the allegations of the petition to be true, and made Ratcliff a ward of the court. A rehearing was granted on the ground that the proceedings before the referee were not taken down by an official reporter. (Welf. & Inst. Code, § 558.) A hearing was held before the court and the findings and order of the referee were upheld. Ratcliff appeals.

The facts are without dispute. At approximately 9:20 p.m. Deputy Masschar of the San Mateo County Sheriff's Department had occasion to stop at a gas station in East Palo Alto for the purpose of using the men's restroom. Masschar was on patrol duty at the time and was in uniform. He went to the restroom and attempted to open the door. He was able to open the door only a couple of inches before he encountered resistance caused by someone pushing against the door from within. Masschar was startled and pushed against the door with greater force. He heard a voice from within the restroom ask "What do you want?" or "Who is it?" He then succeeded in pushing the door open and found Ratcliff, a 16-year-old boy, in the restroom. Masschar entered the restroom and observed that Ratcliff was keeping his right side turned from the officer's view and appeared to have his right hand in his jacket pocket. Masschar asked him why he had been keeping the restroom door shut, and Ratcliff replied, "Nothing." He then stated that he wanted to use the bathroom. When Masschar asked him what he had on his right that he was trying to conceal, Ratcliff replied, "Nothing." He continued to keep his right side turned away from the officer and backed toward the toilet. Masschar then became apprehensive that Ratcliff was concealing some kind of weapon. According to Masschar, it was not uncommon in the East Palo Alto area to encounter young men with weapons, and he was concerned for his own safety and had a "sneaky hunch" that Ratcliff had a weapon. He asked Ratcliff to show what he had in his pocket, but he did not comply. Masschar then pulled Ratcliff's right hand out of his jacket pocket, reached inside the pocket himself and found some zig zag papers but no weapon of any kind. Ratcliff continued to keep his right hand clenched in a fist after it had been pulled out of his pocket, and Masschar asked him to open it; Ratcliff refused and Masschar forced his hand open and found that Ratcliff was holding a small wax paper package containing a usable quantity of marijuana. Ratcliff also had a marijuana cigarette in his hand. Masschar then conducted a pat search for weapons and placed him under arrest.

Defendant's sole contention on appeal is that the court erred in denying his request to suppress the contraband found on his person because said evidence was the product of an illegal search and seizure. Defendant asserts that since the arresting officer lacked a warrant and likewise lacked probable cause to believe that defendant was engaged in the commission of any offense, he was not entitled to search defendant in any manner whatever and certainly was not entitled to conduct more than a superficial pat search. Defendant relies upon *Terry* v. *Ohio* (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868], and *Sibron* v. *New York* (1968) 392 U.S. 40 [20 L.Ed.2d 917, 88 S.Ct. 1889, 1912], in support of his position.

In *Terry* v. *Ohio, supra,* at page 27 [20 L.Ed.2d at p. 909], the court

stated the applicable rule as follows: "Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. [Citations.] And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience."

■ Deputy Masschar characterized his suspicion that Ratcliff was concealing a weapon as a "sneaky hunch." However, he also described in detail the particular circumstances which gave rise to this apprehension on his part, and it is clear that he was acting on more than a mere hunch. Ratcliff had previously attempted to forcibly prevent Masschar from entering the restroom and he behaved in a furtive and suspicious manner after Masschar gained access to the restroom. He continually kept his right side averted from the officer and kept his right hand in his jacket pocket in such a manner as to lead any reasonable person to believe that he was attempting to conceal something from view. Under these circumstances, it was not in the least unreasonable for Masschar to conclude that Ratcliff might be concealing a weapon and to take the necessary steps to protect himself against this possibility. Although defendant contends that Masschar was at most entitled to conduct a pat search, it was obvious that the object which Ratcliff was concealing was contained in the hand which he was holding in his jacket pocket. When Ratcliff refused to show the object to Masschar, the latter was obviously justified, for his own safety, to take the action he did.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.